United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1703

_____

United States of America,            *
                                     *
          Appellee,                  *
                                     *
     v.                              *    Appeal from the United States
                                     *    District Court for the
Jesus Navarro-Vargas, also known as  *    Western District of Arkansas
Jesus Vargas-Navarro,                *
                                     *         {UNPUBLISHED}
          Appellant.                 *

_____

Submitted: April 6, 1998

Filed: April 16, 1998

_____

Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Jesus Navarro-Vargas appeals his conviction and 151-month sentence imposed by the United States District Court[1] for the Western District of Arkansas, after a jury found him guilty of possessing with intent to distribute methamphetamine. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and was granted

_____

[1]The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

leave to withdraw; Navarro-Vargas did not avail himself of the opportunity to file a pro se supplemental brief. For the reasons discussed below, we affirm.

On September 13, 1996, members of a drug task force in Fayetteville, Arkansas, stopped Navarro-Vargas at the Fayetteville airport and asked for his consent to search his bags. Navarro-Vargas was carrying large and small cloth bags and a plastic bag containing a wrapped package; Navarro-Vargas consented. In the wrapped package were two one-pound bags of methamphetamine. Navarro-Vargas was arrested and charged with possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). After a hearing, at which Navarro-Vargas had argued the search exceeded the scope of his consent, the district court denied his motion to suppress the drugs. The district court also denied Navarro-Vargas's motion in limine to exclude a government witness. After a trial, the jury convicted Navarro-Vargas, and the district court sentenced him to 151 months imprisonment and 5 years supervised release, and imposed a $5,000 fine and a $100 special assessment.

On appeal, counsel's <u>Anders</u> brief notes, as possible issues, the denial of the suppression motion, denial of the motion in limine, denial of the motion for acquittal, and four overruled evidentiary objections.

We have carefully reviewed the record, including the trial and hearing transcripts, and conclude the district court did not commit error. The district court did not clearly err in concluding Navarro-Vargas knowingly and voluntarily consented to the search of all his bags. <u>See</u> <u>United States v. Chaidez</u>, 906 F.2d 377, 380-82 (8th Cir. 1990) (standard of review; factors in determining voluntariness). Any error in denying the motion in limine is harmless because the government did not call the challenged witness at trial. We conclude there was sufficient evidence to support the verdict. <u>See</u> <u>United States v. Moore</u>, 911 F.2d 140, 144-45 (8th Cir. 1990) (sufficient evidence of possession). Finally, the district court did not abuse its discretion in overruling

Navarro-Vargas's evidentiary objections.  See United States v. Jackson, 67 F.3d 1359, 1366 (8th Cir. 1995) (standard of review), cert. denied, 116 S. Ct. 1684 (1996).

Upon careful review of the record, we find no other nonfrivolous issue for appeal.  See Penson v. Ohio, 488 U.S. 75, 80 (1988).  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.